### MARX et al. v. MARVIN.

#### (Supreme Court, Appellate Term. December 17, 1903.)

1 CONTRACTS—BREACH—DEFENSES—BURDEN OF PROOF.

In an action for breach of an agreement 'to install an elevator before a certain date, the burden of proving that plaintiffs had prevented the installation by their own acts was on defendant.

2. SAME—EVIDENCE.

In an action for breach of an agreement to install an elevator before a certain date, evidence to show that defendant had attempted to install the elevator within a reasonable time was outside the issues and irrelevant.

Appeal from City Court of New York, Trial Term.

Action by Ferdinand Marx and others against Lilla B. Marvin. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Richard T. Greene, for appellant.
Ezekiel Fixman and Wm. W. Mumford, for respondents.

BISCHOFF, J. The action was brought for the breach of defendant's agreement to install an elevator in the premises leased, before a certain date, and there was ample evidence to justify the jury's finding that the plaintiffs had not prevented the installation by any acts of theirs. The affirmative was with the defendant upon this issue of a prevention of performance, and the testimony of her witness Marvin that the plaintiffs had caused the delay by frivolous objections was rendered improbable by the statements contained in this witness' letter to the plaintiffs, wherein he ascribed the delay to cause of a totally different nature, and with which these tenants had nothing to do. The jury's acceptance of the plaintiffs' evidence, rather than of the defendant's, was obviously permissible; and, with that acceptance, the affirmative defense became destitute of support.

Evidence sought to be introduced to show an attempt to install the elevator within a reasonable time was clearly irrelevant to any issue in the case, and its exclusion was unquestionably correct.

No other points are brought to our attention, and there appears to be little merit in the appeal.

Judgment and order affirmed, with costs. All concur.